RICHARD P. GIBSON, APPELLANT, v. STATE OF NEW JERSEY, NEW JERSEY CIVIL SERVICE COMMISSION, DEPARTMENT OF CIVIL SERVICE, AND ALFRED L. BRAND, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted October 25, 1976—Decided November 16, 1976.

Before Judges BISCHOFF, MORGAN and COLLESTER.

*Messrs. Fox and Fox,* attorneys for appellant (*Mr. David S. Litwin* on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent Civil Service Commission (*Ms. Ermine L. Conley,* Deputy Attorney General, of counsel; *Mr. Arnold Lakind,* Deputy Attorney General, on the brief).

*Messrs. Bianchi and Colasanti,* attorneys for respondent Alfred L. Brand (*Mr. Anthony T. Colasanti* on the brief).

PER CURIAM. Appellant Richard P. Gibson and respondent Alfred L. Brand took a promotional examination, with others, for the position of fire captain in the Newark Fire Department. Following the examination and on July 4, 1972 Civil Service issued an eligible list, scheduled to expire on July 3, 1975, in which appellant ranked 40th with a score of 82.312, and Brand ranked 46th with a score of 81.765. Appellant was appointed to the position of fire captain on February 3, 1975 and his appointment was approved by the Chief Examiner and Secretary on February 28, 1975.

By letter dated July 1, 1975, two days before the list expired, Brand wrote to the Chief Examiner and Secretary alleging that appellant's final score on the examination had been incorrectly calculated. On July 3, 1975 he filed a complaint in the Superior Court, Law Division, challenging appellant's score, seeking appellant's removal from his rank as fire captain and his own appointment to that position. This action was dismissed for Brand's failure to exhaust his administrative remedies.

Thereafter, the Director of Examinations in the Department of Civil Service determined that Brand's contention was correct: that appellant's score had been incorrectly calculated and should have been 81.312 instead of 82.312, and he ordered that appellant's rank on the list be changed from the 40th position to the 52nd position, but determined that no further action would be taken. Brand appealed to the Civil Service Commission and joined appellant as a party thereto. Appellant takes this appeal from the determination of the Civil Service Commission that the error in calculation

of appellant's score was made and from its order that appellant's appointment be rescinded and the list revived for the purpose of making another appointment.

He contends that the challenged ruling constitutes a violation of the Commission's own rules and regulations. We disagree and affirm.

 An otherwise expired eligible list is revived for the purpose of giving effect to the resolution of a dispute initiated before the expiration date of the list. *N. J. S. A.* 11:22–33; *Marranca v. Harbo,* 41 *N. J.* 569, 573–74 (1964). See also, *N. J. A. C.* 4:1–11.7(b), which authorizes the Commission to revive a list beyond its normal expiration date in the event of error "which has unjustly denied any eligible of certification or appointment." In this case Brand not only brought the miscalculation to the attention of the Commission before July 3, 1975, the date on which the list was scheduled to expire, but started a civil suit as well. Dismissal of the civil suit on the ground that Brand had failed to exhaust his administrative remedies did not prevent revival in accordance with *N. J. S. A.* 11:22–33, as appellant contends; Brand's claim, initiated before expiration of the list, continued despite the dismissal of the law suit, albeit in an administrative context. *N. J. S. A.* 11:22–33 mandates revival following favorable disposition of an administrative proceeding as well as one in the courts. Hence, where the dispute, pertaining to the list, is initiated before the scheduled expiration of the list, the list does not expire during the period of the pendency of the litigation but "shall be extended * * * for a period of time equal to the period during which such *proceeding or litigation* was pending." (Emphasis supplied). Thus, Brand's timely action in initiating this controversy affecting the list before the expiration date thereof resulted in the list being revived in order to implement the decision favorable to him.

 The Chief Examiner and Secretary are authorized by rule to correct clerical errors during the life of an employment list, as revived in accordance with *N. J. S. A.* 11:22–

33, and it is for the Commission itself to determine whether the correction shall affect any prior appointment. *N. J. A. C.* 4:1–9.10. Hence, no rule was violated when the correction was made in the present matter, and the discretion vested in the Commission was not mistakenly exercised when it determined that appellant's prior appointment would be affected thereby. See, *N. J. Const.* (1947), Art. VII, § 1, ¶ 2; *N. J. S. A.* 11:21–3; *Volz v. Civil Service Comm'n,* 86 *N. J. Super.* 268, 275 (App. Div.), certif. den. 44 *N. J.* 398 (1965); *Campbell v. Dept. of Civil Service,* 39 *N. J.* 556, 562 (1963).

Affirmed.